IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20-CV-238-TCK-FHM |
| THE ESTATE OF DANIEL SPECK and DALTON TAYLOR, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss or Alternatively to Stay filed by the defendant Dalton Taylor ("Taylor"). (Doc. 12 ). Taylor moves to dismiss Plaintiff Safeco Insurance Company of America's ("Safeco's") complaint for declaratory judgment or, in the alternative, to stay the action on the basis that there are two cases pending in the District Court of Washington County State of Oklahoma which involve facts whose determination is material to the resolution of the present matter before this Court. Taylor asserts those cases were initiated before the instant case and should be allowed to proceed to resolution before the present matter. Safeco has filed a response and contends the Taylor family's homeowner's insurance policy excludes the type of injury alleged, and further argues Taylor failed to provide notice of the accident, or occurrence as required by the policy. (Doc. 15).

**I. Factual Background**

On July 16, 2019, Taylor was charged with murder in the death of Daniel Speck, which occurred on July 12, 2019. On January 21, 2020, the Estate of Daniel Speck ("Estate") filed a civil action for actual and punitive damages for personal injuries and wrongful death against Taylor in Washington County District Court, CJ-2020-28. In the civil action the Estate alleges Taylor

was "negligent, negligent per se, grossly negligent, and reckless in various acts and omissions, inclusive of those related to a firearm…" resulting in harm to Mr. Speck. In the criminal case, a preliminary hearing was held on May 29, 2020 which resulted in a finding of probable cause. The case was set on the Court's jury trial docket on July 8, 2020. A not guilty plea was entered for Taylor. The civil action is currently at issue after counsel retained by Safeco for Taylor filed an answer.

On May 28, 2020, Safeco filed its complaint in this case seeking a declaration it had no obligation to indemnify or defend Taylor because of the intentional nature of the alleged acts and the failure to notify Safeco of the death of Mr. Speck, and the filing of the criminal and civil actions by Taylor or his parents, the named insureds. Taylor submits that with the state criminal and civil litigation both in the early stages, without a determination of the material facts, the instant action should be dismissed or stayed. Taylor argues that disposition of either of the state court actions would be dispositive of the issues sought to be litigated in the present matter.

**II. Analysis**

Pursuant to 28 U.S.C. § 2201(a), this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Kunkel v. Continental Cas. Co.,* 866 F.2d 1269 (10th Cir. 1989). Whether jurisdiction over a declaratory action should be "exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

In *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994), the Tenth Circuit listed five factors to determine whether the exercise of jurisdiction is appropriate. Those factors are: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing, or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Id*. at 983. In this case there has not been a determination of the operative, material and dispositive facts as to either criminal or civil liability. The state criminal and civil actions are at the early stages of litigation. In the criminal matter, a preliminary hearing has been conducted; the defendant has been bound over for trial; and the matter set on a jury trial docket in 2020. A preliminary hearing does not determine guilt or innocence. "Quite simply, a preliminary examination is not a trial." *Randolph v. State*, 2010 OK CR 2, 231 P.3d 672, ¶ 30. In the civil action, an answer has been filed, although a motion for default judgment is also pending. In both state court cases there has been no finding or determination of civil or criminal liability.

The current status of the pending state court cases presents this Court with the issue that concerned *Mhoon*; namely Safeco is requesting this Court to resolve material factual disputes that are the subject of the state court actions. Under these circumstances, the Court in *Mhoon* observed a stay might be warranted. *Id*. at 984.

In addition to intentional act exclusion, Safeco also relies on late notice to preclude coverage and defense. However, prejudice must also be demonstrated due to the late notice of a claim or lawsuit that could potentially require an insurer to defend or indemnify. See, *Independent School District No. 1 of Tulsa County v. Jackson*, 1980 OK 38, 608 P.2d 1153. Safeco does not

allege prejudice due to the alleged late notice. The record reflects a motion for default judgment is pending in the state civil action and an answer has been filed on behalf of Taylor. In his response to the motion for default, Taylor explained that the answer was not filed late due to the extensions mandated by the Oklahoma Supreme Court and the Court of Criminal Appeals due to the Covid pandemic. It is premature to request this Court to make a finding of prejudice resulting from the lack of or late notice of the incident, claim and judicial proceedings when prejudice cannot be determined due to the current status of the state proceedings. The state court action presents fact intensive issues for resolution. Those proceedings are in the early stages. Safeco's declaratory judgment is not timely as it will intrude upon the state court's jurisdiction. The better alternative is to allow the state court to resolve the operative material facts presented and thereby avoid friction between the federal and state courts and encroachment upon the latter's jurisdiction. The Court finds the *Mhoon* factors warrant a stay of the instant proceeding pending resolution of the state court cases.

Accordingly, the defendant's Motion to Dismiss is denied and the Alternative Motion to Stay is granted.

**IT IS SO ORDERED this 17th day of August, 2020.**

TERENCE C. KERN
United States District Judge